IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN THE TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-WL2, ASSET-BACKED CERTIFICATES, SERIES 2005-WL2, ITS SUCCESSORS AND/OR ASSIGNS, <br><br>    Plaintiff <br><br> v. <br><br> STEVEN CREAR SR., AND STEVEN CREAR JR. <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § §   Civil Action No.: 3:23-cv-00745-L-BN |

## MOTION TO STRIKE DEFENDANTS' ANSWER

Deutsche Bank National Trust Company, as Trustee, in the Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2, its Successors and/or Assigns (**Deutsche Bank**) moves to strike Steven Crear Sr. and Steven Crear Jr.'s (collectively **defendants**) answer (dkt. 10) pursuant to Rule 12(f).

### I. SUMMARY

1. Defendants' answer must be struck because Steven Crear Sr. cannot represent Steven Crear Jr. because he is not an attorney, it improperly contains a general denial, and their answer runs afoul of Rule 11 and the local rules.

### II. PROCEDURAL HISTORY

2. Deutsche Bank filed this lawsuit on April 7, 2023 against Steven Crear Sr. and Steven Crear Jr. seeking declaratory judgment finding it is the owner of the property at 1617

Gillarel Springs Ln., Dallas, TX 75241 (**property**), for damages, fees and costs, injunctive relief, and a judgment of possession. (dkt. 1.) After several months of unsuccessful attempts to serve the Crears, Deutsche Bank moved to extend the deadline to serve and for substitute service given the Crears evaded service. (dkt. 5.) On July 17, 2023, the court granted Deutsche Bank's motion authorizing substitute service and extending Deutsche Bank's deadline to complete service to October 6, 2023. (dkt. 7.) Deutsche Bank requested and summons reissued for defendants on August 2, 2023. (dkt. 8.) Defendants filed their answer on August 29, 2023 signed by Steven Crear Sr., *pro se*, containing a general denial and affirmative defenses. (dkt. 10.)

### III.   ARGUMENT

**A.   Legal standard.**

4. "The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Mary Kay Inc. v. Dunlap*, No. 3:12-CV-0029-D, 2012 U.S. Dist. LEXIS 86499, 2012 WL 2358082, at *7 (N.D. Tex. June 21, 2012) (quoting Fed. R. Civ. P. 12(f)). Although motions to strike are generally disfavored, "[t]he Court has broad discretion to determine whether the challenged matter should be stricken." *Deutsche Bank Nat'l Trust Co. v. Spangler*, No. SA-15-CA-356-OLG (HJB), 2015 U.S. Dist. LEXIS 183109, 2015 WL 12712646, at *5 (W.D. Tex. Aug. 28, 2015).

**B.   Steven Crear Sr. cannot represent Steven Crear Jr. as a nonlawyer.**

4. In defendants' answer, Steven Crear Sr., *pro se*, purports to represent himself and his son Steven Crear Jr. (dkt. 10.) This is not allowed in federal courts which require "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. "[O]ne *pro se* party cannot represent another *pro se* party: this would constitute the unauthorized practice of law." *Ir Air, Inc. v. Petros*, Civil Action No. 3:22-CV-1703-D, 2023 U.S. Dist. LEXIS 9898, at *4 (N.D.

Tex. 2023); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").

### C. Defendants' general denial is improper.

5. Rule 8(b) particularly requires "[a] denial must fairly respond to the substance of the allegation" by either "[admitting] or [denying] the allegations" or state they "[lack] knowledge or information sufficient to form a belief about the truth of an allegation . . ." "The purpose of Rule 8 is to ensure that the plaintiff is aware of the allegations in the complaint that the defendant admits and those that he contests, so the plaintiff knows what he will need to prove at trial." *Wieck v. Synrg. Royce LLC*, No. A-17-CV-599 LY, 2018 U.S. Dist. LEXIS 14517, 2018 WL 3611880, at *1 (W.D. Tex. Jan. 30, 2018). General denials under Rule 8(b)(3) are only proper when all allegations in the complaint, including jurisdiction, are denied in good faith. General denials "are uncommon in federal court because 'situations in which the complaint can be completely controverted are quite rare.'" *Mary Kay Inc. v. Dunlap*, No. 3:12-CV-0029-D, 2012 U.S. Dist. LEXIS 86499, 2012 WL 2358082, at *7 (N.D. Tex. June 21, 2012) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1265, at 549 (3d ed. 2004)). "This means that an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1265, at 549 (3d ed. 2004).

6. Analysis of defendants' general denial demonstrates it was not brought in good faith because defendants fail to challenge subject matter jurisdiction, venue, and personal jurisdiction which are all required to be challenged with a general denial. Defendants have failed to file any Rule 12 motions contesting these issues. Defendants fail to establish their general denial was

brought in good faith requiring its striking. *See Cano v. Garcia*, No. SA-20-CV-01331-OLG, 2021 U.S. Dist. LEXIS 35191, at *2 (W.D. Tex. 2021) (finding defendant's general denial was not brought in good faith because he failed to file a Rule 12 motion.); *see also SEC v. Kirchner*, No. 4:23-cv-0147-P, 2023 U.S. Dist. LEXIS 146426, at *2 (N.D. Tex. 2023) ("Defendant likewise has not filed any other motion to contest any issues, just as jurisdiction, raised in the Complaint.")

**D.    Defendants' answer violates Rule 11 and the local rules.**

7.    Rule 11(a) requires "[e]very pleading, written motion, and other paper must be signed . . . [stating] the signer's address, e-mail address, and telephone number." Local rule 10.1(b) further provides "each pleading, motion, or other paper must: contain a signature block that sets forth the attorney's bar number for the jurisdiction in which the attorney is admitted to practice, and a facsimile number and e-mail address where information may be sent to the attorney." Defendants' answer provides none of this information. The signature block merely states "Steve Crear improper persona sui juris." (dkt. 10.)

### IV.    CONCLUSION

Because Steven Crear, Sr. cannot represent Steven Crear, Jr., their general denial is improper, and their answer violates the requirements of Rule 11 and the local rules, Defendants' answer must be struck.

Date:  September 18, 2023               Respectfully submitted,

     */s/ Bryan T. Brown*
C. Charles Townsend, SBN: 24028053
ctownsend@hinshawlaw.com
--*Attorney in Charge*
Bryan T. Brown, SBN: 24055219
bbrown@hinshawlaw.com
HINSHAW CULBERTSON, LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
Telephone: 945-229-6390
Facsimile: 312-704-3001

**ATTORNEYS FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN THE TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-WL2, ASSET-BACKED CERTIFICATES, SERIES 2005-WL2, ITS SUCCESSORS AND/OR ASSIGNS**

## CERTIFICATE OF CONFERENCE

     I sent a letter on September 12, 2023 to the Crears at the property requesting a pre-motion conference to discuss plaintiff's motion to strike defendants' answer.  I conferred with Steven Steven Crear Sr. on September 15, 2023.  He is opposed to this motion.


     */s/ Bryan T. Brown*
Bryan T. Brown

## **CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on September 18, 2023 as follows:

Laurel I. Handley
Aldridge Pite, LLP
701 N. Post Oak Road, Suite 205
Houston, TX 77024
**VIA CM/ECF**

Steven Crear, Sr.
Steven Crear, Jr.
1617 Gillarel Springs Ln.
Dallas, TX 75241
**VIA CERTIFIED MAIL NO.9589 0710 5270 0595 2070 10
& REGULAR U.S. MAIL**

                                                */s/ Bryan T. Brown*
                                                Bryan T. Brown

**MOTION TO STRIKE DEFENDANTS' ANSWER**   Page 6 of 6
Case 3:23-cv-00745-L; *Deutsche Bank National Trust Company, as trustee v. Steven Crear, Sr., et. al..*
55043\314636242.v2