IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-WL2, ASSET-BACKED CERTIFICATES, SERIES 2005-WL2,<br><br>  Plaintiff,<br><br>V.<br><br>STEVEN CREAR, SR., ET AL.,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  No. 3:23-cv-745-L-BN<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This is yet another chapter in a long history of litigation related to Defendant Steven Crear, Sr. and real property located at 1617 Gillarel Springs Lane, in Dallas, Texas (the "Property"). *See, e.g.*, *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020) ("This is [Crear Sr.]'s sixth lawsuit challenging foreclosure proceedings related to the Property. [Crear Sr.] voluntarily dismissed two of his five previous lawsuits, *see Crear*, 3:10-cv-2149-K and *Crear*, 3:19-cv-1795-S-BT, and the Court granted Chase or another defendant's dispositive motion in the remaining three, *see Crear*, 3:10-cv-00463-N, *Crear*, 3:11-cv-565-K, and *Crear*, 3:17-cv-159-D. [Crear Sr.]'s claims lack merit, and the Court finds his lawsuits duplicative, harassing, and burdensome to the Court and the parties who must defend against them."); *see also* Dkt. No. 17, ¶ 11 (adding related state lawsuits and appeals to the United States Court of Appeals for the Fifth Circuit).

In this chapter, Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank" or "DB") has filed suit against Crear Sr.; his son: Defendant Steven Crear, Jr. (collectively the "Crears"); and Defendant First National Bank of Texas ("FNBT"), based on Crear Sr.'s refusal to vacate the Property and subsequent state forcible detainer proceedings, during which DB "discovered Crear Sr. fraudulently, and without authority attempted to unilaterally rescind the foreclosure … through a fraudulent document." Dkt. No. 17, ¶¶ 15-18.

> Given the fraudulent rescission combined with the numerous other proceedings involving the property and Crear Sr., Deutsche Bank elected to nonsuit the eviction proceeding in county court and pursue its remedies in this court.
> Deutsche Bank discovered additional fraud during the eviction proceedings. Following Crear Sr.'s fraudulent rescission of the foreclose, Crear Sr., without authority and in furtherance of his fraud and scheme to alienate Deutsche Bank from its property, conveyed the property to Crear Jr. by general warranty deed.
> With his fraudulent title to the property, Crear Jr., obtained a home equity loan from FNBT for $100,000.00, securing the loan with the property.

*Id.*, ¶¶ 19-21 (citations omitted); *see also id.*, ¶¶ 22-24 (allegations concerning financing statements filed by Crear Sr.).

United States District Judge Sam A. Lindsay referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 11.

Now before the Court are two motions related to the initial complaint [Dkt. No. 1]: a motion to strike Crear Sr.'s answer [Dkt. No. 15] and a motion to dismiss by the Crears [Dkt. No. 16]. And, after DB filed a first amended complaint [Dkt. No. 17] (the "FAC"), Crear Jr. filed two motions to dismiss based on subject matter

jurisdiction [Dkt. Nos. 22 & 50], and FNBT moved to dismiss the claims against it in the FAC under Federal Rule of Civil 12(b)(6) and requested alternative relief under Federal Rules of Civil Procedure 12(c) and 12(e) [Dkt. No. 39].

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should deny the pending motions.

## Discussion

### I. The Court should deny as moot the motions aimed at the superseded complaint.

The two motions directed at the now-superseded initial complaint should be denied as moot. "An amended complaint supersedes the original complaint and [generally] renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citation omitted). This general rule applies here to moot a motion to strike the answer to the initial complaint. And Crear Jr. subsequently moved to dismiss the FAC, so there is no need to consider his similar motion to dismiss the initial complaint. *Cf. Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996) ("Although Holmes' amended complaint supersedes his original complaint, the court may nevertheless treat defendants' motion as directed to the amended complaint because the defects in Holmes' complaint reappear in the amended complaint. Moreover, Holmes neither contends that the court should require that defendants move for dismissal anew, nor that he will suffer prejudice from the use of this procedure." (citation omitted)).

## II. The Court should deny the Crears' request for dismissal based on lack of subject matter jurisdiction.

The Crears have moved twice to dismiss the FAC, challenging DB's standing and the Court's subject matter jurisdiction, claiming that this lawsuit should be "remanded" to state court and combining the second motion with a jury demand.

Remand to state court is not available to Crears because this "case [was not] removed from a State court," 28 U.S.C. § 1447(a), but filed in a federal court under federal diversity jurisdiction, *see* 28 U.S.C. § 1332. And neither the Crears' attack as to that basis for subject matter jurisdiction nor the undersigned's review of the complaint reveals a defect under Section 1332.

As to their remaining arguments, the Crears – through a 318-page rambling filing – essentially assert that DB lacks standing to bring this action. Most of their arguments are barred by res judicata as persuasively set out in DB's response. *See generally* Dkt. No. 30. And, for the reasons set out below, DB has jurisdictional standing.

"Under the dictates of Article III of the United States Constitution, federal courts are confined to adjudicating actual 'cases' and 'controversies.'" *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (quoting U.S. CONST. art. III, § 2, cl. 1).

"There is no case or controversy without standing to sue." *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016); *see Hopkins v. Hosemann*, 76 F.4th 378, 392 (5th Cir. 2023) ("The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." (cleaned up)).

Consequently, Article III "[s]tanding is a threshold issue that [a federal court

must] consider before examining the merits." *Williams*, 843 F.3d at 620; *see also Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

"At the core of the standing doctrine is the requirement that a plaintiff 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *see also Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017) ("Standing of the constitutional variety – the well-known injury, causation, and redressability trifecta [that is often called 'Article III standing'] – is a question of subject matter jurisdiction.").

DB has alleged an injury, allegedly caused by the defendants' actions, that can be redressed by the relief requested in the operative complaint. As DB explained in its applicable response, it

> claims injury due to Crear Sr.'s fraudulent recording of a document purporting to rescind a valid foreclosure sale, executing and recording a void deed claiming to convey the property Crear Jr., Crear Jr.'s home equity lien with FNBT purporting to encumber the property owned by Deutsche Bank, and the fraudulent UCC filings by Crear Sr. This injury in fact is concrete and particularized to Deutsche Bank and not conjectural or hypothetical. The complained of conduct caused Deutsche Bank injury in the form of loss of use of the property, loss of rental value, loss of market value of the property, and some of the claims provide for statutory damages, punitive damages, attorney's fees and costs. There is also undoubtedly a likelihood the injuries can be redressed by a favorable decision from this court given the facts and claims detailed in Deutsche Bank's first amended complaint.

Dkt. No. 30, ¶ 16 (cleaned up).

The recommended denial of the second motion to dismiss combined with a jury demand should not prejudice the Crears' right to a jury. So, while the motion

should be denied, the jury demand should not be stricken.

### III. The Court should deny FNBT's motion to dismiss under Rule 12(b)(6) and alternative requests under Rules 12(c) and 12(e).

As set out above, DB alleges that, "[w]ith his fraudulent title to the property, Crear Jr. obtained a home equity loan from FNBT for $100,000.00, securing the loan with the property." Dkt No. 17, ¶ 21 (cleaned up).

Based primarily on this, DB asserts against FNBT claims of trespass to try title, *see id.*, ¶¶ 28-31, and quiet title, *see id.*, ¶¶ 32-35 – alleging that, "[g]iven Crear Jr. has no title to the property, FNBT's lien is void as a matter of law because it violates the Texas Constitution" and that "[t]he facts show Deutsche Bank has an interest in the property, title to the property is affected by the claims of defendants given the rescission of the substitute trustee's deed, the deed to Crear Jr., and FNBT's home equity lien, and defendants' interests in the property are invalid or unenforceable," *id.*, ¶¶ 34 & 35.

And, as to FNBT's interest in the Property, DB requests a declaratory judgment that, "[b]ecause Crear Jr. did not have any title to the property, FNBT's lien is void as a matter of law." *Id.*, ¶ 42(d).

FNBT moves to dismiss the claims against it under Rule 12(b)(6) and, in the alternative, moves for judgment on the pleadings under Rule 12(c) or a more definite statement under Rule 12(e), DB responded, and FNBT filed a reply brief. *See generally* Dkt. Nos. 39, 49, & 51.

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

While "[a] motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)," *Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 709 (5th Cir. 2023) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)), Rule 12(e) offers an alternative: "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

"When a party moves for a more definite statement, 'the court must

determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.'" *I Love Omni, LLC v. Omnitrition Int'l, Inc.*, No. 3:16-cv-2410-G, 2017 WL 1281130, at *4 (N.D. Tex. Apr. 6, 2017) (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

Sufficient notice derives from Rule 8(a)(2), "which provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz*, 534 U.S. at 513.

"Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"And the concept of sufficient or fair notice must be understood consistent with" the pleading requirements as explained in *Twombly* and *Iqbal*, set out above, which require "just 'enough facts to state a claim to relief that is plausible on its face.'" *Rountree v. Fed. Express Dall.*, No. 3:23-cv-1089-N-BN, 2023 WL 4533929, at *2 (N.D. Tex. July 12, 2023) (quoting *Twombly*, 550 U.S. at 570).

"A suit to quiet title and a trespass to try title action are two distinct causes of action under Texas law." *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 816 (N.D. Tex. 2012) (citation omitted).

"By statute, a trespass-to-try-title action 'is the method of determining title to lands.'" *Brumley v. McDuff*, 616 S.W.3d 826, 831-32 (Tex. 2021) (quoting TEX. PROP. CODE § 22.001(a)). Such an action "is the exclusive remedy for resolving overarching claims to legal title" and "'embraces all character of litigation that affects the title to

real estate.'" *Id.* at 832 (footnotes omitted).

> In a trespass-to-try-title action, a plaintiff may prove legal title by establishing: (1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations (i.e., adverse possession); or (4) possession that has not been abandoned.
> Special pleading requirements govern trespass-to-try-title actions. We have described these pleading requirements as "detailed," but they are not arduous. A petition must state: (1) the real names of the parties and their residence, if known; (2) a legally sufficient description of the premises; (3) the plaintiff's claimed interest; (4) that the plaintiff possesses the premises or is entitled to possession; (5) that the defendant unlawfully entered and dispossessed the plaintiff of the premises and withholds possession; and (6) a "prayer for the relief sought."

*Id.* (footnotes omitted).

"[A] suit to quiet title is an equitable action intended to remove a cloud of title on property." *Richardson*, 873 F. Supp. 2d at 816 (citations omitted). "Title to property is 'clouded' when a party has an invalid claim to the property that serves to diminish the property's value." *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 560 (N.D. Tex. 2021) (quoting *Carter v. Bank of Am., N.A.*, No. 3:12-cv-4550-B, 2013 WL 1482610, at *2 (N.D. Tex. Apr. 9, 2013)).

"In order to quiet title, a plaintiff must demonstrate: (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Middaugh*, 528 F. Supp. 3d at 560 (citations omitted).

To ultimately "prevail on a quiet title claim, Plaintiffs must prove and recover on the strength of their own title, not on the weakness of their adversary's title." *Id.* (citing *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 590 (N.D. Tex.

2013)); *see also Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (per curiam) ("[D]emonstrat[ing] … superior title … is essential in a quiet title claim.").

And, "[a]t this pleading stage, Plaintiffs [must] allege facts sufficient to state a plausible claim of superior title to property through [more than] conclusory allegations." *Middaugh*, 528 F. Supp. 3d at 560 (collecting cases); *see also Warren*, 566 F. App'x at 383 ("Warren responds in his appeal that he has not had an opportunity to present evidence on this claim to determine the chain of title for his loan. Since his pleadings merely state that Fannie Mae has 'claimed to own a loan at Plaintiff's address,' we agree with the district court that Warren's allegations are insufficient to state a claim upon which relief may be granted. Additionally, his failure to establish his own superior right to the property, such as by pleading that he was current on his mortgage payments, also renders his quiet title claim defective." (citations omitted)).

As to the claims against it, it's possible that FNBT did nothing wrong. But, as set out above, the claims that DB brings against FNBT in this lawsuit are equitable in nature: to determine title to the Property; to remove a cloud of title on the Property; and to declare the interests in the Property. So the claims against FNBT may be plausibly pleaded even though a review of the FAC may leave the impression that the Crears are the "bad guys" – not FNBT.

And, through the allegations of the FAC and the exhibits attached thereto, DB has alleged plausible claims of trespass to try title and quiet title against FNBT.

- 11 -

And, unlike lawsuits presenting such claims that were dismissed at the pleadings stage, DB asserts its title claims based the strength of its own title, not the weakness of FNBT's claim to the Property. As DB persuasively set out in its response,

> [a]s detailed in the FAC, Deutsche Bank claims title to the property through its valid April 2, 2019 foreclosure sale. (dkt. 17 at ¶¶ 14, 28-35.) Steven Crear, Sr. had previously challenged Deutsche Bank's foreclosure sale in his sixth lawsuit relating to the property and the U.S. District Court for the Northern District of Texas, Dallas Division dismissed his claims with prejudice. *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 218 (N.D. Tex. 2020). Further, any attempts by FNBT to challenge Deutsche Bank's foreclosure sale are futile given the statute of limitations for a wrongful foreclosure claim is four years – the foreclosure sale took place on April 2, 2019. Limitations aside, Deutsche Bank relies on the strength of its own title through its valid foreclosure sale, not the weakness of FNBT's lien.

Dkt. No. 49 at 10 (citations omitted).

And, "'[b]ased on the facts alleged, there [is] a substantial and continuing controversy between'" DB and FNBT as to interests in the Property, so there is a "justiciable controversy between the parties" that supports DB's request for relief under the Declaratory Judgment Act, itself only "a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d 731, 752 (E.D. Tex. 2013) (quoting *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). *Cf. Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014) (per curiam) ("A declaratory judgment is remedial in nature. Our conclusion that each of the Williamses' causes of action was properly dismissed likewise warrants affirmance of the court's dismissal of their request for declaratory judgment." (citing *Sgroe*, 941 F. Supp. 2d at 752)).

Plus, many of the arguments that FNBT advances for dismissal cannot be considered at this stage on this record and should be deferred to summary judgment or later.

For example, the equitable grounds for dismissal, such as laches, are not established by the face of the operative complaint. *See Springboards to Educ., Inc. v. Scholastic Book Fairs, Inc.*, No. 3:17-cv-54-B, 2018 WL 1806500, at *8 (N.D. Tex. Apr. 17, 2018) ("A defendant can raise laches in a motion to dismiss, but a court should not grant a motion to dismiss based on laches unless the complaint affirmatively shows the claim is barred." (citing *Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958))); s*ee also Mercury Luggage Mfg. Co. v. Domain Protection, LLC*, No. 3:19-cv-1939-M, 2020 WL 376609, at *2 (N.D. Tex. Jan. 22, 2020) ("Unlike statutes of limitations, 'laches is not a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced.'" (cleaned up; quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946))).

Finally, as to alternative relief advanced by FNBT, as set out above, a Rule 12(c) motion would not yield a different result, as Rule 12(b)(6)'s standards apply to such a motion. And the FAC affords sufficient notice under the standards of Rule 8(a)(2) for the reasons set out above, so there is no need to order a more definite statement under Ruel 12(e). *See Rountree*, 2023 WL 4533929, at *2.

**Recommendation**

The Court should deny the motions pending in this lawsuit [Dkt. Nos. 15, 16, 22, 39, & 50].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 8, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE