IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-WL2, ASSET-BACKED CERTIFICATES, SERIES 2005-WL2, ITS SUCCESSORS AND/OR ASSIGNS, | § § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:23-CV-745-L-BN** |
| STEVEN CREAR, SR.; STEVEN CREAR, JR.; and FIRST NATIONAL BANK OF TEXAS, | § § § § § | |
| Defendants. | § | |

# ORDER

On August 8, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 57) was entered, recommending that the court deny all pending motions filed by the parties in this case (Docs. 15, 16, 22, 39, and 50). For the reasons herein explained, the court **accepts in part as supplemented and rejects in part as moot** the findings and conclusions of the magistrate judge.

**I.    Magistrate Judge's Report**

The magistrate judge recommends that the court rule on the parties' motions as follows:

- deny as moot Plaintiff's Motion to Strike (Doc. 15) the Answer filed by Steven Crear, Jr. and Steven Crear, Sr. (Doc. 10) because it is directed at the now-superseded Original Complaint;

- deny as moot the Motion to Dismiss filed by Steven Crear, Jr. and Steven Crear, Sr. (Doc. 16), as it too is directed at the now-superseded Original Complaint;

Order – Page 1

- deny "Defendants' Motion to Dismiss or Remand Back to County Court Cause No. CC-19-03648-A The Complaint for Lack of Subject Matter Jurisdiction and Lack of Standing" (Doc. 22) because the court has subject matter jurisdiction over this action and Plaintiff has standing to sue;

- deny "Defendant Steven Crear Jr.['] . . . [Motion] to Remand Back to State District Court Case No. DC-23-16296 and a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. 50) to the extent that the motion seeks dismissal for lack of subject matter jurisdiction or lack of standing, which should not affect the jury demand included in this document or prejudice the Crears' right to a jury trial; and

- deny the Motion to Dismiss filed by National Bank of Texas ("FNBT") (Doc. 39) pursuant to Federal Rules of Civil Procedure 12(b)(6), (c), and (e) because, while it is possible that FNBT may not ultimately be liable, the equitable claims asserted by Plaintiff against it are plausible as currently pleaded such that dismissal is not warranted at this juncture.

**II.    Objections to the Report by *Steven Crear, Sr.***

On August 19, 2024, *Steven Crear, Sr.* filed six objections to the Report (Doc. 58). As best as the court can ascertain, *Steven Crear, Sr.* contends that: (1) Plaintiff was and still is in privity with judgments entered in various cases such that Rule 65(d) applies to successors and assigns, res judicata or collateral estoppel apply, and under the *Rooker-Feldman* doctrine, this court cannot operate as an appellate court; (2) the nonsuit in Civil Action No. CC-19-03648-8 severely prejudiced the defendant; (3) assignment of the Note and foreclosure on the property at issue by Plaintiff was barred by a prior state court injunction; (4) there was no "additional fraud" during the eviction proceedings; (5) the UCC-1 lien on the property was not procured by fraud; and (6) the Crears are not "schemers, trying to defraud Deutsche Bank"; instead, Plaintiff is the "scammer" that has been involved in a national scam, terrorist tactics, and legal harassment that has violated the Crears' civil rights and interfered with their effort to protect their family property.  Obj. 1-5 (Doc. 58).

III.  Discussion

    **A. The Crear Defendants' Noncompliant Pleadings, Motions, and Other Filings (Docs. 10, 16, 22)**

As Plaintiff correctly notes in its Motion to Strike (Doc. 15), the Crears' Answer (Doc. 10) is flawed for at least two reasons.  Although it appears from the title of the Answer—"Defendant Steven Crear Sr[.] and Steven Crear Jr.'s Original Answer to Plaintiff's Complaint"—that this pleading was filed by both Steven Crear, Jr. and Steven Crear, Sr., the first sentence of the Answer indicates that it was filed by "Steve Crear improper persona sui juris, as a representative of the defendant[s], Steven Crear Sr[.] and Steven Crear Jr."  Doc. 10 at 1.  The Answer is similarly signed by "Steve Crear Improper personal sui juris."  *Id.* at 2.

Steven Crear, Jr., Steven Crear, Sr., or both apparently believe that the inclusion of "Improper personal sui juris" in their Answer and other filings in this case has some legal significance, but it does not.  Moreover, it is not clear whether the Answer was filed by Steven Crear, Jr. or Steven Crear, Sr.  Regardless, Plaintiff correctly notes that, while Steven Crear, Jr. and Steven Crear, Sr. are each entitled to proceed pro se and represent themselves in this litigation, they cannot represent each other, as there is no indication that either is an attorney qualified to practice law. Pl.'s Mot. 2-3 (Doc. 15) (quoting  28 U.S.C. § 1654) ("[P]arties may plead and conduct their own cases personally or by counsel."); and quoting *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").  The motions purportedly filed on behalf of both Steven Crear, Jr. and Steven Crear, Sr. contain similarly defective signatures and are flawed for the same reason.  *See* Docs. 16, 22.

Additionally, Federal Rule of Civil Procedure 11(a) requires pro se litigants to *personally sign* "[e]very pleading, written motion, and other paper" filed in an action. *See* Pl.'s Mot. 4 (citing

Fed. R. Civ. P. 11(a)).[*] The pleading, motion, or paper also "**must** state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a) (emphasis added). Rule 11(a) further provides that courts "**must** strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* (emphasis added). The purpose for Rule 11(a)'s requirement that "unrepresented parties . . . sign their pleadings . . . [is] to make certain that those named as parties in an action in which there [is] no lawyer actually [have] assented to the filing of the action on their behalf." *Gonzales*, 157 F.3d at 1021 (citations omitted). When a pro se party's pleading or other paper "is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Id.*

As indicated, it is not clear whether Steven Crear, Jr., Steven Crear, Sr., or someone else on their behalf signed Defendants' Answer (Doc. 10). The Answer includes no physical or e-mail address for the signer, or a telephone number. The Answer, therefore, fails to comply with Rule 11(a)'s signature requirements.

Likewise, Defendants' Motion to Dismiss (Doc. 16) is titled "Defendants' Motion to Dismiss or Remand," and the first line of the motion states that it is being filed by both "Steve Crear Sr. and Steven Crear Jr. who are not attorneys, appearing improper personal sui juris." Doc. 16 at 1. From this, the motion purports to be filed on behalf of both Crears. It is not clear, though, whether Steven Crear, Jr., Steven Crear, Sr., or someone else on their behalf signed this motion, which is signed as follows: "Steve Crear Improper persona sui juris." Doc. 16 at 20. This motion

---

[*] Plaintiff also argues in its Motion to Strike that the general denial in the Crears' Answer violates Federal Rule of Civil Procedure 8(b)'s pleading requirements for general denials and was made in bad faith because it does not deny all allegations in the Complaint, including jurisdiction and venue. Despite the flaws herein addressed, the Crears' motions to dismiss can be construed as denying the propriety of jurisdiction and venue in this court. Thus, the court determines that this is not an appropriate ground for striking their Answer.

**Order – Page 4**

includes an address of 1617 Gillarel Springs, Dallas, Texas, 75241, which appears to be the address for both Steven Crear, Jr. and Steven Crear, Sr., as well as the location for the property at issue. The motion, however, does not include an e-mail address or telephone number for the signer. Defendants' Motion to Dismiss (Doc. 16), therefore, fails to comply with Rule 11(a)'s signature requirements.

Defendants' Motion to Dismiss (Doc. 22) is similarly titled "Defendants' Motion to Dismiss or Remand," but the first line of this motion indicates that it was filed by "Steven Crear Jr.," who states that "I am not an attorney Defendant, appearing improper personal sui juris." Doc. 22 at 1. This motion, however, is not signed by Steven Crear, Jr. or Steven Crear, Sr. It is signed the same as "Defendants' Motion to Dismiss or Remand" (Doc. 16)—"Steve Crear Improper persona sui juris"—with an address of 1617 Gillarel Springs, Dallas, Texas, 75241. Accordingly, Defendants' Motion to Dismiss (Doc. 22) fails to comply with Rule 11(a)'s signature requirements for the same reasons as "Defendants' Motion to Dismiss or Remand" (Doc. 16) is noncompliant.

The magistrate judge recommended that the court deny as moot Plaintiff's Motion to Strike the Crears' Answer because Plaintiff subsequently filed an Amended Complaint that superseded the Original Complaint to which the Crears' Answer was directed. The filing of the Amended Complaint (Doc. 17) mooted the previously filed "Defendants' Motion to Dismiss or Remand" (Doc. 16). The Crears, however, were not necessarily required to file an amended answer unless the Amended Complaint contained new allegations against them, and the Crears have not since filed an amended answer.

Thus, the court is not convinced that the Amended Complaint mooted Plaintiff's Motion to Strike the Crears' flawed Answer that was filed before the Amended Complaint. Accordingly, rather than deny as moot the Motion to Strike, the court determines that the Crears' Answer should

Order – Page 5

be and is hereby **stricken** for the reasons stated and **grants** Plaintiff's Motion to Strike (Doc. 15). For the same reasons, the court **strikes** Defendants' Motions to Dismiss and Remand (Docs. 16, 22). Although the court finds no error in the magistrate judge's findings and conclusions with respect to these motions (Docs. 15, 16, 22), it **rejects as moot** these findings and conclusions given its decision to resolve the motions in a different manner than that recommended by the magistrate judge.

In so ruling, the court takes into account the "traditional disposition of leniency toward pro se litigants." *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) (citations omitted). The leniency generally afforded pro se litigations like the Crears, however, does not always excuse compliance with applicable rules, including the rule prohibiting a nonlawyer from representing a party in federal civil litigation. Further, given the court's familiarity and experience with the Crears' litigiousness involving the property at issue, it believes that it is important to impress upon them at an early stage in this litigation that it will not tolerate any shenanigans in this case by them or any other party.

Although the court is striking the Crears' Answer (Doc. 10), they will not be legally prejudiced because they will be allowed to file an amended answer, which must be filed by **September 23, 2024**. *The Crear Defendants **must each** file a separate amended answer that is personally signed by the party filing the amended answer. The amended answers must contain all affirmative defenses that the Crears wish to assert against Plaintiff. The Crears' failure to file amended answers by this deadline that comply with this order may result in the entry of default against them, the waiver of any and all affirmative defenses, or other sanctions that the court deems appropriate.*

The court also agrees with the magistrate judge's determination that it has subject matter jurisdiction over this action, Plaintiff has standing to pursue its claims, and remand of this action to state court is not possible because it was originally filed in federal court. Thus, the arguments in this regard that were urged in the stricken Motions to Dismiss or Remand (Docs. 16, 22) are legally flawed such that the motions would have been denied even if not stricken for other reasons. Finally, as the court has stricken Defendants' Motions to Dismiss or Remand (Docs. 16, 22), any objections asserted by *Steven Crear, Sr.* to the Report are moot and **overruled as moot**.

### B. Steven Crear Jr.'s Motion to Remand and Dismiss Pursuant to Rule 12(b)(6) (Doc. 50)

The Motion to Remand and Dismiss filed by Steven Crear, Jr. does not include an e-mail address or telephone number, but it is at least personally signed by him and does not purport to seek relief on behalf of Steven Crear, Sr. Accordingly, the court will not strike this motion. As noted, the court finds no error with the magistrate judge's recommendation to similarly deny this motion to extent that it seeks to remand the case or dismiss the case or claims for lack of subject matter jurisdiction and lack of standing. The magistrate judge also noted that denial of the motion should not affect the jury demand included in this document or prejudice the Crears' right to a jury trial. As this motion was only filed by Steven Crear, Jr., the jury demand and any corresponding right to a jury trial extends only to him, not Steven Crear, Sr. *unless Steven Crear, Sr.'s amended answer includes a jury demand*.

As *Steven Crear, Jr.* did not file objections to the Report, there are no objections regarding this motion by him that the court needs to address. The court, nevertheless, notes that dismissal under Rule 12(b)(6) is inappropriate at this stage of the litigation. As the magistrate judge determined, Plaintiff has stated plausible claims. Additionally, the court determines that Steven Crear, Jr.'s request to dismiss Plaintiff's claims based on affirmative defenses would require

consideration of facts outside of Plaintiff's pleadings. The court, therefore, **accepts as supplemented** by this order the findings and conclusions of the magistrate judge and **denies** his Motion to Remand and Dismiss (Doc. 50).

### C. FNBT's Motion to Dismiss (Doc. 39)

No objections to the magistrate judge's findings, conclusions, and recommended denial of FNBT's Motion to Dismiss were lodged by FNBT, and the court finds no error in this regard. Accordingly, the court determines that the findings and conclusions of the magistrate judge are correct with respect to FNBT's Motion to Dismiss, **accepts** them as those of the court, and **denies** Defendants' Motion to Dismiss (Doc. 39).

## IV. Conclusion

For the reasons discussed, the court **accepts in part as supplemented, rejects in part as moot** the findings and conclusions of the magistrate judge (Doc. 57), and **rules** as follows:

- Plaintiff's Motion to Strike (Doc. 15) is **granted** and the Answer filed by Steven Crear, Jr. and Steven Crear, Sr. (Doc. 10) is **stricken**;

- Defendants' Motion to Dismiss or Remand (Doc. 16) is **stricken**;

- Defendants' Motion to Dismiss or Remand (Doc. 22) is **stricken**;

- Defendant Steven Crear Jr.'s Motion to Remand or Dismiss Pursuant to Rule 12(b)(6) (Doc. 50) is **denied**; and

- FNBT's Motion to Dismiss (Doc. 39) is **denied**.

Defendants Steven Crear, Jr. and Steven Crear, Sr. shall file amended answers that comply with this order by **September 23, 2024**. *Their failure to do so may result in the imposition of sanctions noted. Further, any similarly noncompliant filings by them in the future that violate Rule 11(a) or the prohibition against nonlawyers representing a party in civil litigation will be stricken without further notice.*

**It is so ordered** this 27th day of August, 2024.

                                                  Sam A. Lindsay
                                                  United States District Judge