IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-WL2, ASSET-BACKED CERTIFICATES, SERIES 2005-WL2, § § § § § § § § Plaintiff, § § V. § STEVEN CREAR, SR., ET AL., § § § Defendants. § | | No. 3:23-cv-745-L-BN |

## MEMORANDUM OPINION AND ORDER

In this lawsuit that United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), *see* Dkt. No. 11, Plaintiff Deutsche Bank National Trust Company ("DB") and Defendant First National Bank of Texas ("FNBT") notified the Court that they settled FNBT's defenses and counterclaims against DB. *See* Dkt. No. 78.

They then filed a stipulation under Federal Rule Civil Procedure 41(a) that each signed "announc[ing] all of FNBT's defenses and counterclaims against [DB] are resolved and stipulat[ing] to the dismissal with prejudice all of FNBT's defenses and counterclaims against [DB]." Dkt. No. 79.

FNBT asserted its counterclaims through an answer to DB's complaint. *See* Dkt. No. 64. DB then filed an answer to those counterclaims. *See* Dkt. No. 70.

So, while Rule 41(a) "applies to a dismissal of any counterclaim, crossclaim, or

third-party claim," FED. R. CIV. P. 41(c); *see, e.g.*, *Keyport Warehousing, Inc. v. Crown-Loxley I, LLC*, No. 1:22-cv-100-TFM-N, 2024 WL 1241955, at *1 (S.D. Ala. Mar. 22, 2024) (Rule 41(c) "applies the same standards of Rule 41(a) to the dismissal of counterclaims, cross claims, and third-party claims."), here, voluntary dismissal without a court order is only allowed under Rule 41(a)(1)(A)(ii) on "a stipulation of dismissal signed by all parties who have appeared," FED. R. CIV. P. 41(a)(1)(a)(ii).

And, although Defendants Steven Crear, Sr. and Steven Crear, Jr. have appeared in this lawsuit but did not sign the applicable stipulation, "a stipulation of dismissal signed by all parties to the counterclaim … but not all parties to the lawsuit is sufficient under Rules 41(a)(1) and 41(c)." *Evanston Ins. Co. v. Certified Steel Stud Ass'n, Inc.*, 1:16-CV-00276-MRB, 2016 WL 9404927, at *1-*2 (S.D. Ohio Nov. 8, 2016) (citing *Gen. Foods Corp v. J.C. Zimmerman Co.*, No. 86 CIV. 2697 (KMW), 1990 WL 115714 (S.D.N.Y. Aug. 7, 1990) (holding to be sufficient under Rule 41(a)(1) a stipulation signed by all parties to a third-party action, interpreting action to mean all claims against any one party)); *cf. Williams v. Seidenbach*, 958 F.3d 341, 344-45 (5th Cir. 2020) (en banc) (confirming this circuit's precedent holding that the use of "action" in Rule 41(a) "cover[s] individual defendants – thus allowing plaintiffs … to use Rule 41(a) to dismiss individual defendants" but not individual claims (collecting cases)); *Hyundai Motor N. Am. Corp. v. N. Am. Auto. Servs., Inc.*, No. 23-12657, 2024 WL 689365, at *1 (11th Cir. Feb. 20, 2024) (per curiam) ("[S]tipulations of voluntary dismissal of [a party's] fourth, fifth, sixth, seventh, and eighth counterclaims …, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), were invalid because that

Rule generally does not permit dismissal of only particular claims or counterclaims within an action." (citations omitted)).

But neither DB nor FNBT have shown that Rule 41 applies to defenses. *See Edge Sys LLC v. Ageless Serums LLC*, No. 2:20-cv-09669-FLA (PVCx), 2022 WL 22877064, at *2 (C.D. Cal. Apr. 15, 2022) ("Neither Rule 41(c) nor any other provision of Rule 41 … discusses affirmative defenses. Defendant does not cite any legal authority to support its contention that affirmative defenses fall within the scope of Rule 41(a) or (c). On the face of Rule 41, they do not.").

In sum, FNBT has voluntarily dismissed with prejudice its counterclaims against DB through a self-executing notice under Federal Rules of Civil Procedure 41(a)(1)(A)(ii) and 41(c).

And, so, the Clerk of Court shall cause the docket sheet to reflect that DB in its capacity as a "Counter Defendant" and FNBT in its capacity as "Counter Claimant" are terminated.

SO ORDERED.

DATED: March 27, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE