IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-WL2, ASSET-BACKED CERTIFICATES, SERIES 2005-WL2, ITS SUCCESSORS AND/OR ASSIGNS,** | § § § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:23-CV-745-L-BN** |
| **STEVEN CREAR, SR.; STEVEN CREAR, JR.; and FIRST NATIONAL BANK OF TEXAS,** | § § § § § | |
| Defendants. | § | |

**ORDER**

On January 14, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 96) was entered, recommending that the court grant in part and deny in part Plaintiff Deutsche Bank National Trust Company's Motion for Summary Judgment (Doc. 82); deny the Motions for Summary Judgment filed by Defendants Steven Crear, Sr. and Steven Crear, Jr. (Docs. 69 & 86); and enter a final judgment with respect to Deutsche Bank's claims for trespass to try title and quiet title, and related requests for declaratory and permanent injunctive relief consistent with these claims.[1]

On January 23, 2026, Defendants filed objections to the Report (Doc. 97), contending that the magistrate judge erred or failed to account for: (1) Plaintiff's failure to prove the 2007 default;

---

[1] The court refers herein to Plaintiff—Deutsche Bank National Trust Company, as Trustee, in the Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-WL2, Asset-Backed Certificates, Series 2005-WL2, its Successors and/or Assigns—as "Plaintiff" or "Deutsche Bank," and it refers to Defendants Steven Crear, Sr. and Steven Crear, Jr. collectively as "Defendants."

**Order – Page 1**

(2) a genuine dispute of material fact exists regarding payment of the loan; (3) Defendants did not receive the discovery requests that were served on them via certified and regular mail; (4) Steven Crear, Jr. meets the requirements for a bona fide purchaser under Texas law; (4) the rescission of the foreclosure went unchallenged for three years; (5) the Texas Constitution provides special protection for homestead properties; (6) the lien on the property was not released; (7) the foreclosure was initiated outside the four-year statute of limitations; and (8) res judicata does not bar Defendants' defenses.

On February 5, 2026, Plaintiff filed a response to Defendants' objections, contending that the undisputed evidence submitted by it entitles it to judgment as a matter of law on its claims for trespass to try title and quiet title, and its related requests for declaratory and injunctive relief as recommended by the magistrate judgment. Plaintiff contends that Defendants' objections should be overruled because they: (1) are not adequately briefed and are woefully inadequate despite the magistrate judge's warning in this regard; (2) include new arguments not previously presented to the magistrate judge; (3) rehash arguments by simply stating disagreement with the Report without elaborating; and (4) reurge arguments previously rejected by the magistrate judge without addressing the magistrate judge's reasoning. Plaintiff further asserts that, even if the court considers Defendants' arguments, they still fail because they are factually and legally meritless, and they are either insufficient to overcome the magistrate judge's reasoning or fail to address it.

On February 9, 2026, Defendants filed a reply.  The reply, however, was filed by Defendants in violation of this court's order (Doc. 11) and Local Civil Rule 72.2(3) without first seeking or obtaining leave of court.  Thus, the court **strikes** the reply and does not consider it in ruling on the parties' summary judgment motions.

Having considered the parties' Motions, briefs, the competent summary judgment evidence, the thorough Report prepared by the magistrate judge, the undersigned's familiarity with this case and the history of litigation involving Defendants in connection with the real property located at 1617 Gillarel Springs Lane, Dallas, Texas ("Property"), and having conducted a de novo review of the portions of the Report to which Defendants objected, the court determines that the findings and conclusions of the magistrate judge are correct, and it **accepts** them as those of the court. The court **overrules** Defendants' objections for essentially the reasons set forth in Plaintiff's response to the objections and the magistrate judge's Report and **rules** as follows:

The court **grants in part and denies in part** Plaintiff's Motion for Summary Judgment (Doc. 82); and **denies** Defendants' Motions for Summary Judgment (Docs. 69 & 86). Plaintiff's Motion for Summary Judgment is **denied** with respect to its claims under the Texas Civil Practice and Remedies Code ("TCPRC") and any related requests for declaratory and injunctive relief, and these claims remain.  Plaintiff's Motion for Summary Judgment is **granted** with respect to its trespass to try title and quiet title claims, and its related requests for declaratory and permanent injunctive relief, and Plaintiff is entitled to judgment as a matter of law with respect to these claims and requests for relief because no genuine dispute of material fact exists regarding the essential elements of any of these claims or requests for relief. Accordingly, the court **declares** that:

1. Deutsche Bank is the owner of the Property free and clear of any claims by Defendants;

2. Steven Crear, Sr.'s rescission of Deutsche Bank's foreclosure sale and substitute trustee's deed is void *ab initio*;

3. Steven Crear, Sr.'s general warranty deed to his son Steven Crear, Jr. is invalid as a matter of law because the recission is void;

4. First National Bank of Texas's lien is void as a matter of law because Steven Crear, Jr. did not have any title to the property;[2]

---

[2] First National Bank of Texas was dismissed from this action on March 27, 2025.

**Order – Page 3**

5. Deutsche Bank is entitled to immediate possession of the Property;

6. Defendants have no right, title, or interest in the Property; and

7. Deutsche Bank is entitled to permanent injunctive relief against Defendants such that Defendants are **permanently enjoined** from filing any claims regarding the Property (in state or federal court) without first obtaining permission from a district judge of the Dallas Division of the Northern District of Texas in accordance with this order.

As a result of the court's rulings, it appears that Plaintiff has obtained all relief sought by it in this action in connection with its trespass to try title and quiet title claims, and its related requests for declaratory and permanent injunctive relief. It is unclear, though, from Plaintiff's response to the Report whether it intends to continue to pursue its claims for relief under the TCPRC, which remain pending in light of the court's acceptance of the magistrate judge's recommendation that Plaintiff's Motion for Summary Judgment with respect to these claims be denied. As these claims remain and it is unclear whether Plaintiff intends to continue to pursue them in this action, the court, out of an abundance of caution, will delay entry of the final judgment until they are resolved notwithstanding the magistrate judge's recommendation regarding entry of a final judgment on Plaintiff's trespass to try title and quiet title claims, and its related requests for declaratory and permanent injunctive relief.

If Plaintiff no longer plans to pursue its TCPRC claims (and any related requests for declaratory and injunctive relief) in this action, it **shall** notify the court in writing by **February 18, 2026**, and request dismissal of these claims and related requests for relief. If Plaintiff so notifies the court, the undersigned will dismiss the TCPRC claims (and any related requests for declaratory and injunctive relief) and enter a final judgment pursuant to Federal Rule of Civil Procedure 58 on Plaintiff's trespass to try title and quiet title claims and related requests for declaratory and injunctive relief.

**It is so ordered** this 12th day of February, 2026.

                                        Sam A. Lindsay
                                      United States District Judge